DICKINSON HARDWARE COMPANY *v.* PULASKI COUNTY.

Decided February 6, 1892.

*County—Liability upon guaranty of county judge.*

> A county judge as such has no power to bind the county by a guaranty of payment of a debt of a person who has a contract to build a county turnpike although the debt was incurred for materials to be used in its construction.

APPEAL from *Pulaski* Circuit Court.

JOSEPH W. MARTIN, Judge.

*U. M. & G. B. Rose* for appellant.

1. The county was the original debtor. The credit was given to the county in the first instance. Wood on Stat. Frauds, sec. 130.

2. Was the authority continuing? It was general, and the county is estopped by its own conduct to dispute its liability. It is for an unlimited sum. The county got the benefit of the goods and should pay for them. For examples of continuing guaranties, see Brandt on Suretyship, secs. 130, 131, 132.

*Charles P. Roberts* for appellee.

1. This was not a continuing guaranty. 76 Me., 345 ; 59 Me., 358; 12 Mich., 292; 32 Ohio St., 177; 7 R. I., 576; 15 Conn., 457; 24 Wend., 82; 11 *id.*, 62.

2. The county is not liable for the debt. The county judge cannot bind it. Mansf. Dig., sec. 1407; 53 Ark., 247. The county court can speak only through its records, and the records show no authority for the contract. 8 Mo., 235 ; 7 Cal., 419; 33 Mo., 171; 43 Ind., 480.

HUGHES, J.   This is an appeal from the judgment of the county court, refusing to allow against the county a claim for a balance of ninety and 34-100 dollars.   The claim was based upon the following order in writing to the predecessors in business of the appellants :

*"Pulaski County.*

" MESSRS. D., P. & Co.—

" Let bearer have what nails, drift bolts, etc., he calls for and I will see it paid.

" 2–15–89.                    W. F. HILL."

The bearer of the order was one Dan O'Leary, who had applied to the appellants to purchase on credit some goods to be used by him in constructing a turnpike road, which he had contracted to build for the county.   The appellants refused to sell him the goods without an order from the county judge.   He went away and returned in a short time with the order set out above, signed by W. F. Hill, who was then judge of the county court of Pulaski county.   Goods were furnished and charged to O'Leary, and some were paid for without question by warrants from the county judge. The balance stated above was not paid.   Though the order was by Hill, individually, and not as county judge, it was understood by the appellants that he proposed to have the account paid by the county, in the event O'Leary failed to pay it.   This was but a guaranty by Hill, and he had no power as county judge to bind the county to pay the debt of O'Leary.   The credit was not given to the county, but to O'Leary upon the guaranty of W. F. Hill, who was the judge of the county.   He had no power to bind the county by such a guaranty.

Let the judgment be affirmed.